IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE AUTMAN,
No. M10503,

        Petitioner,

vs.                                               CIVIL NO. 15-CV-01423-DRH

KIMBERLY BUTLER, and
ATTORNEY GENERAL OF THE
STATE OF ILLINOIS,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner George Autman, is an inmate in the custody of the Illinois Department of Corrections, serving a 45-year sentence for the murder of his 15-month-old son (*People v. Autman*, Case No. 08-CF-597 (Cir. Ct., McLean County, Ill. 2009). He is currently housed at Menard Correctional Center, which is located in this federal judicial district. Autman is before the Court pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence pursuant to a plea agreement, which he contends was not knowingly and intelligently entered into, and which failed to advise him of a mandatory three-year term of supervised release.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### Procedural History

In 2009, petitioner Autman entered a negotiated plea agreement. He later appealed, arguing that his plea was not knowingly and intelligently made because he was not informed that he was waiving his right to appeal. The appellate court rejected that argument and affirmed the conviction. *People v. Autman*, 2011 WL 10481826 (Ill. App. 4th Dist. 2011). The Illinois Supreme Court declined further review. *People v. Autman*, 962 N.E.2d 483 (Table) (Ill. 2011).

Autman collaterally attacked his conviction and sentence, arguing he had not been properly apprised of the mandatory three-year term of supervised release. The circuit court denied his petition, and the appellate court affirmed that decision. *People v. Autman*, 2015 WL 224011 (Ill. App. 4th, 2015). On September 30, 2015, the Illinois Supreme Court declined further review. *People v. Autman*, 39 N.E.3d 1004 (Table) (Ill. 2015).

On December 29, 2015, Autman filed the present habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1).

### Grounds for Relief

Petitioner Autman now essentially reasserts the grounds for relief he pursued on direct appeal and in his collateral attack in the state courts:

> (1)   The plea was not knowingly and intelligently made, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Illinois constitution; and

(2)   The trial court failed to properly admonish Plaintiff that a mandatory term of supervised release would attach to his negotiated sentence, in violation of the Due Process Clause of the Fourteenth Amendment and corresponding provision of the Illinois constitution.

From Autman's perspective, the state courts' rulings were contrary to, and involved an unreasonable application of the law.

Menard's warden, Kimberly Butler, and the Attorney General of the State of Illinois are named as respondents.

### The Proper Respondent

As a preliminary matter, the Attorney General of Illinois must be dismissed as a respondent.  Petitioner's current custodian, Warden Kimberly Butler, is the proper respondent in this habeas action.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

### Equal Protection

The petition fails to state a basis for relief under the Equal Protection Clause of the Fourteenth Amendment.  There is no indication Autman is a member of a protected class and has been treated differently from similarly situated members of an unprotected class.  *See generally Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005).  Therefore, the equal protection aspect of Ground 1 will be dismissed.

### The Illinois Constitution

Grounds 1 and 2 both reference the Illinois constitution, as well as the provisions of the federal constitution.  A district court may entertain a *habeas*

*corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "Federal habeas corpus relief is not available to correct perceived errors of state law." *Crockett v. Butler*, 807 F.3d 160, 168 (7th Cir. 2015) (citing *Bates v. McCaughtry,* 934 F.2d 99, 102 (7th Cir.1991), quoting *Pulley v. Harris,* 465 U.S. 37, 41 (1984)). Consequently, the aspects of Grounds 1 and 2 premised upon the Illinois constitution will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that **Respondent ATTORNEY GENERAL OF THE STATE OF ILLINOIS** is **DISMISSED**; this action shall proceed with **WARDEN KIMBERLY BUTLER** as the sole respondent.

**IT IS FURTHER ORDERED** that the Equal Protection Clause aspect of **GROUND 1**, and the aspects of **GROUNDS 1 and 2** premised upon the Illinois constitution are all **DISMISSED**.

**IT IS FURTHER ORDERED** that **GROUNDS 1 and 2** of the petition shall otherwise **PROCEED**.

**IT IS FURTHER ORDERED** that Respondent **WARDEN KIMBERLY BUTLER** shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before February 19, 2016).  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the Illinois

Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

The Court notes, as should Petitioner and Respondent, that Petitioner has yet to pay the required $5.00 filing fee or apply for leave to proceed *in forma pauperis*.  Failure to pay will likely result in the dismissal of the petition.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.01.20
15:20:16 -06'00'

**United States District Judge**