IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GEORGE AUTMAN, # M-10503, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) Case No. 15-cv-1423-SMY |
| WARDEN WALTER NICHOLSON, | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

In December 2009, Petitioner George Autman was sentenced to 45 years' incarceration after entering a partially negotiated plea of guilty to the murder of his 15-month-old son in McLean County, Illinois. *People v. Autman*, Case No. 08-CF-596 (McLean County Circuit Court). He is currently in custody at Stateville Correctional Center.

On December 29, 2015, while he was incarcerated at Menard Correctional Center, Autman filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds: [1]

> 1. His guilty plea was not knowingly and intelligently made with full knowledge of its consequences (specifically, that his right to appeal the length of sentence was foreclosed), in violation of his Fourteenth Amendment right to due process;
>
> 2. His Fourteenth Amendment due process right was violated where the trial court failed to properly admonish him that a term of mandatory supervised release ("MSR") would attach to his negotiated sentence.

(Doc. 1, pp. 5-6, 17-19).

---

[1] Autman also asserted claims under the Illinois Constitution in connection with both grounds for habeas relief. However, upon initial review of the Petition, this Court dismissed the portions of Grounds 1 and 2 that were premised on the Illinois Constitution. Similarly, the Court dismissed the portion of Ground 1 that was based on a purported Fourteenth Amendment Equal Protection Clause violation. (Doc. 3, pp. 3-4).

1

Autman seeks a writ of habeas corpus granting him a new trial, "and/or reduction of sentence 3 yr. mandatory." (Doc. 1, p. 14). Respondent[2] filed an Answer opposing issuance of the writ, arguing that Autman's claims are procedurally defaulted and lack merit. (Doc. 9). Autman was given an opportunity to reply to the Answer (Doc. 11) but did not submit additional argument. For the reasons discussed below, Autman's § 2254 Petition will be **DENIED**.

## **Relevant Facts and Procedural History**[3]

### **Trial Court Proceedings**

In May 2008, Autman was charged with three Counts of murder. At the August 6, 2009 pretrial hearing, the trial court informed Autman that he was eligible for an extended-term sentence up to natural life because of the victim's youth. (Doc. 10-2, p. 2). The court also advised him that he would have to serve 100% of any sentence, and "[a]ny prison term is also followed by a three[-]year term of [MSR] upon release." *Id.* Autman indicated that he understood.

During a plea hearing one week later (August 13, 2009), after confirming that Autman had a copy of the Plea Agreement and could read it, the trial court explained the charge and the factual basis. (Doc. 10-2, p. 3; Doc. 10-14, pp. 57-58). Autman confirmed his understanding, and stated he was pleading guilty to that charge. *Id.* The court admonished Autman that absent a Plea Agreement, he could be sentenced to a minimum of 20 years and maximum of 60 years' incarceration, and that:

> [A]ny sentence to the Department of Corrections on this charge must be served completely, that means a hundred percent, which means there are no day for day

---

[2] At the time the Answer was filed, Autman was still in the custody of Kimberly Butler, Warden of Menard Correctional Center. After Autman was transferred to Stateville, Warden Walter Nicholson was substituted as the Respondent. (Docs. 13, 14).

[3] The factual summary is derived from the decisions of the Illinois Appellate Court, Fourth District, in its Rule 23 Order affirming Petitioner's conviction on direct appeal, and its Rule 23 Order affirming the dismissal of the post-conviction petition, as well as the relevant transcripts. (Doc. 10-1 (direct appeal); Doc. 10-2 (post-conviction appeal); Doc. 10-14, pp. 56-67 (plea hearing); Doc. 10-15, pp. 20-115 (sentencing)). The state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence, which Autman has not attempted to do. 28 U.S.C. §2254(e).

credits or any good time credits on the charge.

It would also be followed after service of the time by a three year period of mandatory supervised release or what used to be called parole. There is also a possible fine of up to 25 thousand dollars.

Do you understand, sir, that those are the possible penalties for this offense?

[AUTMAN]: Yes.

(Doc. 10-2, p. 4; Doc. 10-14, pp. 58-59).

The court went on to summarize the terms of the Plea Agreement, including that Autman would be sentenced to no more than 45 years and that he could request a lesser sentence:

THE COURT: Now what this essentially means is at that sentencing hearing the court will sentence you to a term in the Department of Corrections for a minimum of 20 up to a maximum of 45 years or anything in between.

Now, are those the terms of the plea agreement as you understand them, sir?

[AUTMAN]: Right.

(Doc. 10-2, p. 5; Doc. 10-14, p. 59).

After advising Autman about his right to a trial, determining that he had not been forced, threatened, or coerced to plead guilty, confirming no promises had been made to Autman beyond those in the Plea Agreement, and hearing the factual basis for the plea, the court accepted Autman's guilty plea. (Doc. 10-2, p. 5; Doc. 10-14, pp. 60-64). Autman pled guilty to one Count in exchange for the State's agreement to dismiss the two other murder charges and to recommend a sentencing cap of 45 years' imprisonment. (Doc. 10-1, pp. 1-2). The written Plea Agreement did not mention MSR. (Doc. 10-2, p. 5; Doc. 10-14, p. 90).

On December 11, 2009, the trial court sentenced Autman to 45 years. The court's oral pronouncement of sentence did not reference MSR, but the written sentencing order included the 3-year MSR term. (Doc. 10-2, p. 5; Doc. 10-14, p. 96 (sentencing order)). After announcing the sentence, the court advised Autman of his appeal rights; advising him that because he pled guilty, he must first file a motion to withdraw the plea or a motion to reconsider the sentence within 30

3

days and could then file a notice of appeal if his motion were denied. (Doc. 10-1, p. 3-4; Doc. 10-15, pp. 113-14).

On December 28, 2009, Autman filed a motion to withdraw his plea, arguing that he had not fully considered or understood the consequences of pleading guilty. He also filed a motion to reconsider sentence, challenging it as excessive. In March 2010, the trial court denied both motions after a hearing.

## Appeal and Postconviction Petition

Autman timely appealed, arguing that because the parties and the court were under the misapprehension that he could appeal the sentence imposed on his partially negotiated plea, the plea was not intelligently made with full knowledge of its consequences. (Doc. 10-2, p. 4; Doc. 10-3). He claimed he was unaware that he had waived the right to appeal the length of his sentence by operation of Illinois law. *Id.*

In affirming the trial court's judgment and sentence, the Illinois Appellate Court, Fourth District, noted that when a defendant pleads guilty in exchange for a recommended sentencing cap, he "'in effect, agree[s] not to challenge any sentence imposed below that cap on the grounds that it is excessive.'" (Doc. 10-1, p. 5) (quoting *People v. Linder*, 708 N.E.2d 1169, 1172 (Ill. 1999)). The appellate court found that the trial court was not required to advise Autman of the procedure to challenge his sentence at the time he entered his guilty plea, but must do so at sentencing; thus, "any defects in the court's admonishments would not affect the validity of defendant's plea." (Doc. 10-1, p, 6). The appellate court concluded, "Defendant's negotiated plea of guilty was knowingly made with full knowledge of its consequences." (Doc. 10-1, p. 1). Autman's *pro se* petition for leave to appeal ("PLA") to the Illinois Supreme Court (Doc. 10-6) was denied on November 30, 2011. (Doc. 10-7).

On August 17, 2012, Autman filed a postconviction petition, claiming his guilty plea was not knowing and intelligent because he was not aware that his sentence would include 3 years of MSR. The trial court denied the petition after a hearing in which it reviewed the transcripts and found Autman was advised that "any sentence" would be followed by a three-year period of MSR. (Doc. 10-2, p. 8).

The appellate court concluded that the trial court had "substantially complied with Illinois Supreme Court Rule 402" when giving MSR admonishments to Autman. (Doc. 10-2, p. 1). Specifically, the court reasoned that an ordinary person hearing the trial court's explanation of the sentencing range, the requirement to serve 100% of the sentence, the 3-year MSR period, and the potential fine, would understand that the MSR term would be added to any prison sentence. (Doc. 10-2, p. 10). Autman's PLA to the Illinois Supreme Court (Doc. 10-12) was denied on September 30, 2015. (Doc. 10-13).

## **Legal Standards**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications, in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by

5

the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "A state court's decision is reasonable, even if incorrect in our independent judgment, so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (internal citations omitted.)

The Supreme Court has repeatedly emphasized that the § 2254(d) standard "is intentionally 'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014), and *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). Even incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state

6

court application must be "objectively unreasonable," meaning "something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). (internal citations omitted).

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore*, 730 F.3d 685, 694-96 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Autman must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id*.

## Analysis

Respondent concedes that the Petition was timely filed, (Doc. 9, p. 6), and does not contest Petitioner's assertion that he has exhausted his state court remedies. However, Respondent argues that Petitioner's claims are procedurally defaulted, because he did not fairly present them as federal claims to the Illinois courts.

### No Knowing or Intelligent Waiver of Right to Appeal Sentence

Respondent argues that Autman relied "almost exclusively" on state law in his direct appeal of this issue, with only a passing reference to federal law, and thereby failed to draw the state court's attention to the federal nature of his claim. (Doc. 9, pp. 7-11). While Autman did complete

7

a full round of the state appellate review process, Respondent is correct that his argument was premised primarily on state law issues. In his opening brief to the Illinois Appellate Court, Autman cited *Boykin v. Alabama*, 395 U.S. 238 (1969) for the general principle that "the record must affirmatively show that the plea was entered intelligently and with full knowledge of its consequences." (Doc. 10-3, p. 8). The remainder of his argument focused on state court precedent – primarily *People v. Whitfield*, 840 N.E.2d 658, 663, 669 (Ill. 2005) and various Illinois appellate decisions. (Doc. 10-3, pp. 10-15). Autman made no mention of federal law in his reply brief.

A habeas petitioner must "fairly present" the constitutional basis of his argument at each step of the state process. This requirement is not met if the petitioner's state court pleadings fail to alert the state court "to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Fair presentment requires "articulating the point in such a way that a judge could grasp both its substance and its foundation in federal law." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006).

Here, Autman raised the federal constitutional principle announced in *Boykin v. Alabama* in his appellate brief, but in the end, relied only on state law precedent to argue that he should have been told his guilty plea would foreclose his ability to challenge the sentence on appeal. The invocation of the *Boykin* rule could be deemed sufficient to alert the appellate court to the federal nature of Autman's claim. *See Jean-Paul v. Douma*, 809 F.3d 354, 358-59 (7th Cir. 2015). However, in his *pro se* PLA to the Illinois Supreme Court (Doc. 10-6), Autman failed to articulate any federal constitutional argument and made no reference to the Constitution or any Supreme Court case. As a result, his federal constitutional argument on the appeal waiver issue is procedurally defaulted and cannot be considered by this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Perruquet v. Briley*, 390 F.3d 505, 520 (7th Cir. 2004). Additionally,

Autman has not demonstrated that there was cause for his procedural default, nor does he raise a claim of actual innocence sufficient to overcome the procedural default. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Even if the claim had not been procedurally defaulted, it would fail on the merits because the Supreme Court has never held that a criminal defendant must be warned about the appeal rights he is giving up by pleading guilty, prior to acceptance of his guilty plea. *Boykin* lists three federal constitutional rights that must be knowingly waived on the record in order for a defendant's guilty plea to be valid: The Fifth Amendment privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Subsequent cases have not expanded this list to include the right to be informed of every consequence that might result from a guilty plea. Instead, the Supreme Court "has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *United States v. Ruiz*, 536 U.S. 622, 630-31 (2002) (collecting cases).

Because there is no Supreme Court precedent requiring courts to advise a defendant that by pleading guilty, he would be giving up certain rights to challenge his conviction or sentence on appeal, the state courts' determination of the issue cannot be said to be "contrary to" or an "unreasonable application of" clearly established federal law.

For the foregoing reasons, Autman is not entitled to habeas relief on this point.

### Admonishment of Mandatory Supervised Release Term

Respondent contends that Autman has also procedurally defaulted this claim, and correctly

points out that he failed to include any references to the Constitution or Supreme Court precedent in his appellate briefs. (Doc. 9, p. 11; Doc. 10-9, p. 3; Doc. 10-11). Autman did raise a federal constitutional argument in his PLA to the Illinois Supreme Court (Doc. 10-12), but his failure to do so before the Illinois Appellate Court means that the issue was procedurally defaulted. As with his first ground for relief, Autman has not demonstrated cause for his procedural default or asserted a claim of actual innocence that might overcome the default.

Further, this proffered ground for relief also fails on the merits in view of the clear guidance on MSR claims articulated n *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014). The petitioner in *Carroll* was convicted in an Illinois court and was sentenced to a term of imprisonment. As in the present case, Carroll's sentence was subject to a mandatory term of supervised release pursuant to 730 ILCS 5/5-8-1(d), but Carroll was not informed of the MSR term at sentencing. Additionally, Carroll's MSR term was not set forth in the written judgment. *Carroll*, 764 F.3d at 787. Carroll sought habeas relief, raising arguments similar to the argument raised here.

The Seventh Circuit first rejected Carroll's argument that the MSR term had been illegally added by the Illinois Department of Corrections, finding that the term was included in the sentence by operation of statute:

> The Supreme Court of Illinois has held that omission of a required term of supervised release from a sentence is not error, because the state's supervised-release statute provides that "every sentence shall include *as though written therein* a term [of supervised release] in addition to the term of imprisonment. 730 ILCS 5/5–8–1(d)." *People v. McChriston*, 378 Ill. Dec. 430, 4 N.E.3d 29, 33 (Ill. 2014) (emphasis added).

*Carroll*, 764 F.3d at 788-789.

Next, the Seventh Circuit flatly rejected the argument that failure to recite the MSR term at sentencing or to include it in the written judgment violates federal due process rights. *Carroll*, 764 at 789. The court concluded that because the MSR term is mandated by statute, it is imposed

by operation of law and the sentencing judge had no discretion with respect to it.

While Autman argues that the alleged failure to inform him of the MSR term (a proposition rejected by the Illinois Appellate Court based on the record herein) is a violation of due process, the Supreme Court has never so held:

> There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole. *See Lane v. Williams*, 455 U.S. 624, 630 n.9, 102 S. Ct. 1322, 71 L.Ed.2d 508 (1982) ("We do not decide whether, to establish such a constitutional violation, respondents must claim that they in fact did not know of the parole requirement at the time they pleaded guilty or that they would not have pleaded guilty had they known of this consequence.").

*Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). Because there was no Supreme Court case holding that the failure to advise a defendant of a term of MSR violates due process, Autman cannot show that the state court's holding to the contrary in his case was an incorrect or unreasonable application of federal law.

To the extent that Autman raises a "benefit of the bargain" claim under *Santobello v. New York*, 404 U.S. 257 (1971), as suggested by Respondent, that argument also fails. The state court expressly rejected Autman's "benefit of the bargain" claim, distinguishing the admonishments in this case from those in *People v. Whitfield*, 840 N.E.2d 658, 669 (Ill. 2005). (Doc. 10-2, pp. 10-14). *Whitfield* held that a failure to advise a defendant, prior to accepting his plea, that his sentence would include a term of MSR, was a violation of due process. In Autman's case, the appellate court found that the trial court did inform him that 3 years of MSR would follow his sentence. *Santobello* was not discussed.

A "benefit of the bargain" claim is doomed by *Villanueva v. Anglin*, 719 F.3d 769 (7th Cir. 2013). In that case, the state court did not decide the merits of the petitioner's *Santobello* claim. As such, AEDPA deference did not apply and the habeas court was free to decide the issue *de*

11

*novo*. *Villanueva*, 719 F. 3d at 777. The Seventh Circuit explained that *Santobello* does not require "the prosecution to discuss all possible ramifications of a defendant's guilty plea. Rather, [it] prohibit[s] false representations and mandates compliance with promises made." *Id.* (internal citation omitted). Therefore, to succeed on a *Santobello* claim, a habeas petitioner "must prove the government *also* promised that the MSR term would not attach." *Id*. at 778 (emphasis in original).

*Santobello* does not entitle Autman to any relief. He has never argued, in state court or here, that the government promised that he would not have to serve a term of MSR. Instead, his position has been that he was not informed that an MSR term would follow the sentence imposed pursuant to his guilty plea. Under these circumstances, he cannot make a successful benefit of the bargain claim under *Santobello*.

For the above reasons, Autman is not entitled to habeas corpus relief on any of the grounds raised in his Petition. Accordingly, the Petition will be denied and this action will be dismissed with prejudice.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Here, no reasonable jurist would find it debatable whether this Court's rulings are correct.

Accordingly, the Court shall not issue a certificate of appealability.

## Conclusion

Autman's petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

If Autman wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Autman does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: March 27, 2019**

s/ STACI M. YANDLE
United States District Judge